NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GURDEV SINGH,

               Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

               Respondent.

No. 07-74554

Agency No. A077-421-696

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 28, 2011[**]
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and KAPLAN, Senior District
Judge.[***]

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Lewis A. Kaplan, Senior District Judge for the U.S.
District Court for Southern New York, sitting by designation.

We have jurisdiction to review the BIA's denial of adjustment of status because it rests on a reviewable question of law, *see* 8 U.S.C. § 1252(a)(2)(D), namely that Gurdev Singh failed to show by clear and convincing evidence that his marriage was "entered into in good faith," *id.* at § 1255(e)(3).

The immigration judge ("IJ") did not err in denying Singh's adjustment of status application on the ground that Singh failed to meet the necessary statutory requirements. *See id.* The IJ correctly evaluated whether Singh's marriage was valid at its inception, *see Bark v. INS*, 511 F.2d 1200, 1202 (9th Cir. 1975), and she did not err by inquiring into Singh's and his wife's actions after the marriage because such actions may "bear on the subjective intent of the parties at the time they were married," *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1148 (9th Cir. 2005). Furthermore, contrary to Singh's argument, an approved I-130 petition is not sufficient for the statutory requirement of showing a good-faith marriage. *See Agyeman v. INS*, 296 F.3d 871, 878–79 & n.2 (9th Cir. 2002).

Substantial evidence supported the IJ's adverse credibility finding regarding Singh's asylum, withholding of removal, and Convention Against Torture (CAT) claims. Singh's direct testimony regarding the length of time he spent in the hospital and his period of hiding before leaving India was inconsistent with his asylum statement and testimony on cross-examination. Both these inconsistencies

2

are material and go to the heart of Singh's claim of persecution. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). This adverse credibility finding also supported the IJ's denial of Singh's withholding of removal and CAT claims.

**AFFIRMED**.